UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BRENDA DRERUP, § | | |
| § | | |
| *Plaintiff*, § | CIVIL ACTION NO. | |
| § | | |
| vs. § | _____ | |
| § | | |
| CONSOLIDATED NUCLEAR § | | |
|   SECURITY, LLC, § | | |
| § | | |
| *Defendant*. § | | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

The plaintiff, Brenda Drerup, ("Plaintiff" or "Drerup"), complains of Consolidated Nuclear Security, LLC ("Defendant" or "CNS"), as follows:

### VENUE AND JURISDICTION

1. Drerup is a citizen of the United States and a resident of the State of Texas.

2. Drerup is a Fire Captain employee for CNS and venue is proper because she has been subjected to unlawful employment practices committed at CNS' place of business in the State of Texas, Northern District, Amarillo Division.

3. CNS is primarily involved in the business of operating the Pantex Plant in support of the National Nuclear Security Administration.

4. CNS is a Delaware limited liability corporation, conducting business in Texas at US Highway 60 & FM 2373, Panhandle, Texas, in the Northern District, and elsewhere, and this action accrued in whole or in part at that place of business.

5. CNS may be served with process by serving its registered agent in Texas: CT Corporation System, 1995 Bryan Street, Suite 900, Dallas, Texas 75201.

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(a)(4), and 28 U.S.C. §1337. The complaint seeks declaratory relief pursuant to 28 U.S.C. §§2201, 2202. This suit is authorized and instituted pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §621, *et seq*.

7. This is a proceeding for a declaratory judgment, injunctive relief, compensatory, and/or liquidated damages, and other relief to secure the rights of Drerup under the ADEA. It is brought to prevent CNS from maintaining a policy, practice, custom or usage of discriminating against employees, including Drerup, in regard to terms, conditions and privileges of employment, on the basis of age, in violation of this statute.

8. This matter in controversy exceeds, exclusive of interest and costs, the minimum jurisdictional limits of this Court.

## STATEMENT OF FACTS

9. Drerup began working at the Pantex Plant in approximately 1996 in an administrative position and then was hired in the Pantex Fire Department. Drerup is currently a Fire Captain. Drerup reports to Bill Ho-Gland ("Ho-Gland"), Assistant Chief of Support, who reports to Mike Brock ("Brock"), Fire Chief of the Pantex Fire Department. Brock reports to Daniel Gleaves ("Gleaves"), Senior Director of Emergency Services.

10. Drerup has consistently met or exceeded performance review objectives. She also received merit bonuses and increases throughout her employment. Since being promoted to Fire Captain, Drerup has been the only female Fire Captain at the Pantex Plant and the highest-ranking female responder in the Fire Department.

11. In 2016, Drerup was reporting to Donavon Morgan ("Morgan), Battalion Chief. In May 2016, it was announced that Morgan would be retiring from his position as Battalion Chief

after his medical leave, which commenced May 18, 2016. Drerup was the most qualified person to fill his position because only she and Morgan had worked in Compliance since 2008 or 2009. However, Defendant initially distributed those duties to substantially younger male employees.

12. On or around June 26, 2016, Drerup filed a written discrimination and retaliation complaint through an Employee Concerns Reporting Form. While Defendant's Human Resources ("HR") department contacted Drerup to investigate these complaints, no adequate action was taken to ensure the conduct would be remedied. Instead, she was assured action would take place, but then no assistance or remedies would be forthcoming and Drerup continued to suffer retaliation.

13. Subsequently in or around September 2016, Defendant posted a Captain position in compliance, which was essentially the same job duties Morgan had performed, and a substantially younger, less tenured, male employee, Joshua Brown ("Brown") was hired for the Compliance Caption position. After Brown was hired, he was supposed to be transferred some of Drerup's document duties, but instead he has continued to be given communication job duties with access to conventions, training, and conferences that Drerup did not receive. In June of 2018, Drerup again complained to HR about ongoing discrimination and retaliation relating to work assignments, her title designation, and inequities in transitions of job duties, which resulted in her earning substantially less compensation and having less opportunities for advancement.

14. McLaurin did not respond to this email complaint and Drerup followed up in August 2018, requesting a response. Drerup reiterated the ongoing discrimination and retaliation she was experiencing. In this complaint email, Drerup further complained of age discriminatory comments which were being directed to her about retirement. She noted that Gleaves had commented to her "you are retiring soon, aren't you?" She also noted that he made the statement

that when she retired that CNS would not be filling her job and that Brown said Chief Brock told him that he needed to learn her job duties so that someone would know how to do them when she retired. These statements were made even though Drerup had not indicated an intent to retire.

15. In September 2018, Drerup again followed up with HR about whether CNS would provide her some options in response to her complaints, and she was told a further investigation would be conducted. Subsequently, she suffered further retaliation, including being sabotaged on a certification for duty test, continuing inequities in the transition of job duties to Brown, and continued inability to obtain overtime as a Responder, that the younger males in the Fire Department were able to obtain.

## ADEA

16. Drerup was born December 23, 1964 and is currently age 54. Drerup is a member of the protected age group within the meaning of the ADEA.

17. At all times material to this action, CNS employed at least twenty employees and is an employer with the meaning of the ADEA.

18.    A.   CNS employs more than 100 employees;
      B.   CNS employs more than 200 employees;
      A.   CNS employs more than 500 employees.

35. All conditions precedent to the filing of this suit have been met:

   A.   On or around May 4, 2017, Drerup filed an intake questionnaire with the EEOC, No. 450-2017-02681, with the Equal Employment Opportunity Commission ("EEOC") alleging sex and retaliation discrimination, which was subsequently executed by Drerup on an EEOC charge form on October 14, 2017;

   B.   On or around March 11, 2019, Drerup filed an amended charge of discrimination with the EEOC, alleging sex, age, disability and retaliation discrimination;

   C.   More than 60 days have passed since Drerup filed her charge alleging age discrimination with the EEOC.

36. Drerup alleges that CNS, in a continuing course of conduct, discriminated against her in the terms, conditions and privileges of employment because of her age and/or in retaliation for her opposition to discriminatory employment practices in violation of the ADEA, and specifically in subjecting Drerup to less favorable working conditions than those to which younger employees were subjected, including in failing to apply employee rules and/or performance standards equally and paying her less compensation.

37. Drerup alleges that CNS' age discrimination conduct is willful under the ADEA.

38. Drerup has no plain or adequate remedy at law to correct the wrongs complained of herein, and has thus instituted this suit for damages, declaratory relief and injunctive relief provided for under the ADEA. Further, Drerup is now suffering and will continue to suffer irreparable injury from CNS' policies, practices, customs, and usages, set forth herein.

## RELIEF REQUESTED

39. Drerup requests that this Court grant her the following relief from CNS:

   A. A declaratory judgment against CNS, declaring its past practices herein complained of to be unlawful under the ADEA;

   B. A permanent injunction, enjoining CNS from continuing to discriminate against her on account of age discrimination, and/or opposition to discriminatory employment practices, in violation of the ADEA;

   C. Backpay, front pay, retroactive seniority, pension benefits, bonus payments, health benefits, and any other relief necessary to compensate Drerup for damages for ADEA claims;

   D. Liquidated damages for CNS' willful violation of the ADEA;

   E. Frontpay, including lost wages, salary, benefits, or other compensation to compensate her for her ADEA claim;

F. Implementation of a clear and effective grievance procedure for employment discrimination complaints with an effective non-retaliation provision and advisement to all employees over the age of 40 of CNS of such grievance and non-retaliation provisions;

G. Attorney fees from CNS for the prosecution of her ADEA claim;

I. Costs for the prosecution of the ADEA, including the cost of expert witness fees;

J. Pre-judgment interest at the legally prescribed rate from the date of the violations until judgment as well as post-judgment interest as applicable;

K. Such other general relief to which Drerup is justly entitled.

## JURY DEMAND

40. Drerup demands a jury on all ADEA claims, specifically, the ultimate issues of fact as to the merits of the dispute, backpay, frontpay, employee benefits, and compensatory and punitive damages, excepting the attorneys' fees issues.

Respectfully Submitted,

/s/ Jane Legler
Jane Legler
Texas Bar No. 03565820
Christine Neill
Texas Bar No. 00796793
Kyla Gail Cole
Texas Bar No. 24033113

Neill Legler Cole PLLC
3141 Hood Street, Ste. 200
(214) 748-7777
(214) 748-7778 (facsimiles)
christine@nlcemployeelaw.com
jane@nlcemployeelaw.com
kyla@nlcemployeelaw.com

Attorneys for Plaintiff